JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
**KIRTON | MCCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Counsel for Plaintiff Run UV, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUN UV DBA UTAH VALLEY MARATHON, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER EVENT MANAGEMENT, LLC, a Louisiana limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>Case No.: 2:18-cv-00611-DBP<br><br>Judge Dustin B. Pead<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Run UV, LLC dba Utah Valley Marathon ("Plaintiff"), by and through its undersigned counsel of record, hereby complains against Defendant Premier Event Management, LLC ("Defendant") as follows:

## PARTIES

1. Run UV is a Utah limited liability company with its principal place of business in Provo, Utah.

2. Premier is a Louisiana limited liability company with its principal place of business in Harahan, Louisiana.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331.

4. This Court has supplemental or pendant subject matter jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because those claims arise from the common nucleus of operative facts alleged in Plaintiff's federal claims.

5. This Court has personal jurisdiction over Defendant under the principles of specific jurisdiction as the facts giving rise to this action occurred in Utah.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) as Defendant's acts that give rise to this action were committed within the District of Utah.

**FACTUAL BACKGROUND**

7. Plaintiff operates a number of running races, including the Utah Valley Marathon and Utah Valley Half Marathon ("Plaintiff's Races").

8. Plaintiff's Races have been organized by Plaintiff each year since 2008.

9. Plaintiff's Races have experienced widespread success and popularity. Indeed, the Utah Valley Marathon is widely recognized as one of the best marathons in the United States.

10. Every year thousands of runners participate in Plaintiff's Races.

11. Plaintiff has invested substantial time, resources, and money into creating Plaintiff's Races and the associated goodwill.  As a result of Plaintiff's investment in Plaintiff's Races, runners across the country have associated Utah Valley Marathon branded races as high quality and well-organized events.

12. Plaintiff has established substantial goodwill associated with Plaintiff's Races.

13. Plaintiff has acquired common law rights associated with the UTAH VALLEY MARATHON mark ("Plaintiff's Mark").

14. Additionally, Plaintiff filed for federal trademark protection associated with the Plaintiff's Mark.

15. For its part, Defendant is self-described on its website (www.pem.events) as "America's preeminent race director for endurance event race production, race management, road races, and triathlon from coast to coast."

16. Among other races, Defendant hosts its "National Women Running Series" with events throughout the United States.

17. As part of its National Women Running Series, Defendant has improperly used Plaintiff's Mark in association with a half marathon and 5k race scheduled for September 29, 2018 in Vineyard, Utah under the name "Utah Valley Women's Half Marathon and 5k" ("Infringing Mark").

18. This event, which is advertised at, *inter alia*, www.utahwomenshalf.events, is listed as the "inaugural Utah Valley Women's Half Marathon and 5k" that "will start and finish in Utah Valley, UT!"

19. The entrance fee for Defendant's improperly-named race starts at only $1.00. This low entrance fee is clearly aimed at generating excitement for Defendant's inaugural Utah women's event by having a nominal entrance fee for its first year.

20. By contrast, the registration fee for Plaintiff's half marathon starts at $104.

21. There has been actual consumer confusion between Plaintiff's Races and Defendant's improperly-named Utah race, including where consumers have asked Plaintiff why it was hosting a women's-only half marathon race this year.

22. Despite Plaintiff requesting that Defendant change the name of its upcoming race, Defendant continues to knowingly and willfully use Plaintiff's Mark.

23. Indeed, the Infringing Mark has been used by Defendant and offered to the public in this district with knowledge that the Infringing Mark is not authorized by Plaintiff.

24. By using the Infringing Mark and offering a race event under the Infringing Mark, Defendant has misrepresented and falsely described to the general public the origin and source of its services so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association between Defendant and Plaintiff's Races.

25. Where Defendant's upcoming race event is an inaugural event, there is a high likelihood that logistical and other issues will come up that cause frustration for event participants. This will cause damage to the goodwill Plaintiff has developed in connection with Plaintiff's Races over the last ten years.

26. Defendant, with full knowledge of the fame of Plaintiff's Mark, intended to, and did, trade on the goodwill associated with Plaintiff's Mark, and has misled and will continue to confuse and mislead the public into assuming a connection between Plaintiff and Defendant.

27. The use by Defendant of the Infringing Mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendant's races offered to the public as originating from, or connected with, Plaintiff, and constitutes utilizing false descriptions or representations in commerce.

28. Defendant's use of the Infringing Mark permits it to pass off its race event as one of Plaintiff's events, all to the detriment of Plaintiff and to the unjust enrichment of Defendant.

29. Defendant's unlawful activity results in irreparable harm and injury to Plaintiff, including by:

    a. Depriving Plaintiff of its right to determine the manner in which its race events are presented to the general public;

    b. Dilutes the value of Plaintiff's Mark;

    c.      Deceives the public as to the origin and sponsorship of Defendant's race events;

    d.      Wrongfully trades upon Plaintiff's reputation, goodwill, and exclusive rights; and

    e.      To the extent Defendant's upcoming race event is or may be of inferior quality, it irreparably harms and injures Plaintiff's reputation.

30.    Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with it, from engaging in any further acts in violation of Plaintiff's rights.

31.    Plaintiff is further entitled to recover from Defendant the damages, including treble damages, interest, attorneys' fees, and costs it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of its acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained.

## FIRST CLAIM FOR RELIEF
### False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

32.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

33.    As set forth above, Defendant improperly advertises and markets its upcoming race event in commerce by extensively using Plaintiff's Mark.

34.    Such use, and any use similar to it, by Defendant is materially false, misleading, confusing, and/or deceptive to the consuming public.

35.    Indeed, such use by Defendant is specifically targeted at trading off of the goodwill associated with Plaintiff and its race events.

36.    Moreover, such use by Defendant is specifically targeted at creating confusion among consumers as to the origin, sponsorship, association, and/or connection between Defendant's race events and Plaintiff's Races.

37.    Defendant's false advertising has caused injury to Plaintiff in an amount to be

proven at trial.

38. The false advertising by Defendant is willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## SECOND CLAIM FOR RELIEF
### False Association Under 15 U.S.C. § 1125(a)(1)(A)

39. Plaintiff reallages and incorporates by reference all of the foregoing paragraphs.

40. Defendant's improper use of Plaintiff's Mark is likely to cause confusion or mistake as to an affiliation, connection, or association between Defendant and Plaintiff.

41. Defendant's improper use of Plaintiff's Mark is further likely to cause confusion as to Plaintiff's approval of Defendant's race events.

42. Defendant's actions of false association, as described herein, have caused Plaintiff injury in amount to be proven at trial.

43. Defendant has intentionally engaged in conduct it knows will cause the aforementioned confusion, thereby justifying an award of exemplary and/or punitive damages.

## THIRD CLAIM FOR RELIEF
### Utah Deceptive Trade Practice – U.C.A. § 13-11A-3

44. Plaintiff reallages and incorporates by reference all of the foregoing paragraphs.

45. Plaintiff and Defendant are competitors in the race event industry.

46. Defendant has attempted to pass off its race as those of Plaintiff, including by improperly using Plaintiff's Mark.

47. Defendant has knowingly made false representations as to the source, sponsorship, approval, and/or certification of their race events by improperly using Plaintiff's Mark.

48. The foregoing misconduct of Defendant constitutes deceptive trade practices under one or more sub-sections of Utah Code Annotated § 13-11A-3(1).

49. Plaintiff is entitled to recover damages to fairly and reasonably compensate it for Defendant's misconduct.

50. Plaintiff is further entitled to prevent, restrain, and enjoin Defendant from current and future misrepresentations.

51. Plaintiff is entitled to an award of its attorneys' fees and costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11A-4(2)(c).

52. Plaintiff has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendant's acts and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Defendant from further misconduct.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition – U.C.A. § 13-5a-103

53. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

54. Defendant's conduct as described herein is unlawful, unfair, and/or fraudulent.

55. Defendant's conduct as described herein has resulted in the material diminution in the value of Plaintiff's Mark and other intellectual property.

56. Defendant's conduct as described herein infringes upon Plaintiff's rights in and to Plaintiff's Mark.

57. The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

58. Plaintiff reallages and incorporates by reference all of the foregoing paragraphs.

59. Defendant has benefited from the improper, unfair, and unauthorized use of Plaintiff's Mark, including the goodwill attendant thereto, as set forth above.

60. Defendant has full knowledge and appreciation of the benefits it has received from Plaintiff as a result of such improper conduct.

61. Defendant would be unjustly enriched if it were permitted to retain the proceeds obtain from its improper conduct.

62. Conversely, Plaintiff has been harmed by Defendant's improper conduct set forth herein.

63. Equity and good conscience require that Defendant be required to account for and pay to Plaintiff an amount equal to the value of the benefit improperly obtained by Defendant.

## SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

64. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

65. Plaintiff's Mark is distinctive and has acquired secondary meaning.

66. Defendant's actions, as alleged above, infringe Plaintiff's common law trademark rights in Plaintiff's Mark under common law and constitute acts of unfair competition.

67. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

68. The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and for a judgment:

4829-2302-4715

A.      Preliminarily and permanently enjoining Defendant, and all other persons or entities participating or acting in concert with it, from false advertising in any manner in a way that creates confusion as to the source, origin, sponsorship, and/or approval between Plaintiff and Defendant;

B.      Preliminarily and permanently enjoining Defendant, and all other persons or entities participating or acting in concert with it, from engaging in false association, including from creating the false impression as to source, origin, sponsorship, and/or approval between Plaintiff and Defendant;

C.      Awarding Plaintiff its allowable costs and attorneys' fees, including but not limited to, those authorized under Utah Code Annotated § 13-11A-4(2)(c);

D.      Preliminarily and permanently enjoining Defendant, and all other persons or entities participating or acting in concert with it, from engaging in unfair competition pursuant to Utah Code Annotated § 13-5a-103;

E.      Ordering that Defendant be required to provide an accounting of all revenues and profits gained by it while engaged in the acts complained of herein;

F.      Awarding Plaintiff damages to which they are entitled based upon Defendant's unjust enrichment;

G.      For a finding that Defendant has infringed Plaintiff's Mark;

H.      Awarding Plaintiff its actual damages;

I.      Awarding Plaintiff its costs; and

J.      Granting such other and further relief as the Court may deem just and proper under the circumstances.

4829-2302-4715

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues in this action triable by jury.

DATED this 31st day of July, 2018.

                                        Respectfully Submitted,

                                        KIRTON McCONKIE

                                        By /s/ James T. Burton
                                            James T. Burton
                                            Joshua S. Rupp
                                        *Counsel for Plaintiff Run UV, LLC*